1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOSEPH E JOHNSON JR,                                No. C 08-05148 SI

        Petitioner,                              **ORDER TO SHOW CAUSE**

  v.

ROBERT L. AYERS, *et al.*,

        Respondents.
_____/

## INTRODUCTION

Joseph Everett Johnson, Jr., an inmate at San Quentin State Prison, filed this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## BACKGROUND

On July 22, 2005, following a jury trial at San Mateo County Superior Court, Johnson was convicted of unlawful vehicle taking, possession of a firearm by a felon, possession of ammunition by a felon, possession of drug paraphernalia, and receiving stolen property. *See* Cal. Veh. Code § 10851(a); Cal. Penal Code §§ 12021(a), 12316(b)(1), 496(a); Cal. Health & Safety Code § 11364. The trial court found that Johnson had been convicted of a prior serious felony for which he served a term of imprisonment within the meaning of Cal. Penal Code §§ 667.5(b) and 1170.12(c)(1). On September 30, 2005, he was sentenced to term of nine years and eight months. Johnson appealed. His conviction and sentence were affirmed by the California Court of Appeal on October 30, 2006, and his petition for review was denied by the California Supreme Court on January 3, 2007.

United States District Court
For the Northern District of California

1   Johnson petitioned to the United States Supreme Court and was granted a writ of certiorari.  On

2   April 16, 2007, the United States Supreme Court  vacated Johnson's judgment, and remanded the case

3   to the California Court of Appeal on April 16, 2007.  On remand, the California Court of Appeal re-

4   affirmed petitioner's conviction on September 27, 2007.  Johnson's second petition for review was

5   denied by the California Supreme Court on December 12, 2007.  On March 3, 2008, Johnson's second

6   petition for a writ of certiorari was denied.  Johnson then filed this action.

7

8                                          **DISCUSSION**

9   This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody

10  pursuant to the judgment of a State court only on the ground that he is in custody in violation of the

11  Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A district court considering

12  an application for a writ of habeas corpus shall "award the writ or issue an order directing the

13  respondent to show cause why the writ should not be granted, unless it appears from the application that

14  the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.  Summary dismissal is

15  appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or

16  patently frivolous or false.  *See Hendricks v. Vasquez*, 908 F. 2D 490, 491 (9th Cir. 1990).

17  Johnson asserts that his sentence was imposed in violation of his Sixth and Fourteenth

18  Amendment rights because the court relied on sentence-elevating factors not found by a jury to impose

19  an upper term sentence.  *See Cunningham v. California*, 549 U.S. 270, 127 S.Ct. 856 (2007).

20

21                                        **CONCLUSION**

22  For the foregoing reasons,

23          1.      The petition states cognizable claims for habeas relief and warrants a response.

24          2.      The clerk shall serve by certified mail a copy of this order, the petition and all

25  attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of

26  California.  The clerk shall also serve a copy of this order on petitioner.

27          3.      Respondent must file and serve upon petitioner, on or before **March 26, 2009**, an answer

28  conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why

a writ of habeas corpus should not be issued.  Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4.     If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **April 30, 2009**.

**IT IS SO ORDERED.**

Dated: 1/26/09

_____
SUSAN ILLSTON
United States District Judge