1

2

3

4

5 IN THE UNITED STATES DISTRICT COURT

6 FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8 JOSEPH E. JOHNSON, JR.,                          No. C 08-5148 SI

9              Petitioner,              **ORDER DENYING PETITION FOR WRIT
                                          OF HABEAS CORPUS**
10    v.

11 ROBERT L. AYERS, *et al.*,

12              Respondents.
   _____/

13

14                         **INTRODUCTION**

15         Petitioner Joseph Everett Johnson, Jr., an inmate at San Quentin State Prison, has filed this action

16 for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  For the reasons discussed below, the petition

17 is denied.

18                         **BACKGROUND**

19         On July 22, 2005, petitioner was convicted by a San Mateo County jury of (1) auto theft (Cal.

20 Veh. Code § 10851(a)); (2) possession of a firearm by a felon (Cal. Penal Code §12021(a)); (3)

21 possession of ammunition by a felon (Cal. Penal Code § 12316(b)(1)); (4) possession of drug

22 paraphernalia (Cal. Health & Safety Code § 11364); and (5) receiving stolen property (Cal. Penal Code

23 § 496(a)).

24         On July 27, 2005, a court trial was held on the issue of petitioner's prior offenses, and the court

25 found true the allegations that petitioner had been convicted of a prior serious felony conviction, for

26 which he had served a term of imprisonment, and that he had been unsuccessful on parole.  Before trial,

27

28

**United States District Court**
**For the Northern District of California**

United States District Court
For the Northern District of California

petitioner had stipulated to a prior felony conviction for robbery in 1998. Reporter's Transcript[1] ("RT"), 38. Petitioner waived his right to a jury trial on the prior conviction. RT, 444.  Defendant had also been previously convicted for (1) misdemeanor possession of paraphernalia for unlawful use (Cal. Health & Safety Code, § 11364) in 1990; (2) the unlawful display/carrying of a weapon in Washington state in 1992; and (3) assault, criminal trespass, and obstruction of a law enforcement officer in Washington state in 1995. RT, 467-68.  The trial court also found that petitioner had not complied with the conditions of parole, had misbehaved while on parole, and was "a danger to the community."  RT, 470-72.

On September 30, 2005, the trial court sentenced defendant to an aggravated term of three years for the possession of a firearm by a felon charge, which the court doubled to six years because of petitioner's prior felony conviction,[2] plus two consecutive eight-month terms for the taking of a vehicle without the owner's permission charge and the possession of ammunition by a felon charge, which were both doubled to consecutive sixteen-month terms.

Petitioner filed a timely notice of appeal on October 4, 2005, in which he raised three issues, including that his sentencing under California's Determinate Sentencing Law violated the Sixth and Fourteenth Amendments pursuant to *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington*, 542 U.S. 296 (2004).  On October 30, 2006, the California Court of Appeal, relying on the California Supreme Court's holding in *People v. Black*, 35 Cal. 4th 1238 (2005) ("*Black I*"), affirmed petitioner's conviction and sentence.[3]

The California Supreme Court denied review on January 30, 2007 with the following order: "Petition for review denied without prejudice to any relief to which defendant might be entitled after

---

[1]  The Reporter's Transcript is submitted as Exhibit 15 to Respondents' Answer and Memorandum of Points and Authorities in Support of Answer to Petition for Writ of Habeas Corpus. Docket No. 7.

[2]  California Penal Code section 1170.12(c)(1) states that "If a defendant has one prior felony conviction that has been pled and proved, the determinate term or minimum term for an indeterminate term shall be twice the term otherwise provided as punishment for the current felony conviction."

[3]  The unpublished opinion can be found at 2006 WL 3062160 (Cal. Ct. App. 1st Dist.).

2

1    the United States Supreme Court determines in *Cunningham v. California*, No. 05-6551, the effect of

2    *Blakely v. Washington* (2004) 542 U.S. 296 and *United States v. Booker* (2005) 543 U.S. 220, on

3    California law." The United States Supreme Court subsequently issued its opinion in *Cunningham v.*

4    *California*, 549 U.S. 270 (2007).  Shortly thereafter, and in light of *Cunningham*, the California

5    Supreme Court issued its opinion in *People v. Black* ("*Black II*"), 41 Cal. 4th 799 (2007), cert. denied,

6    128 S.Ct. 1063 (2008).

7           Petitioner filed a petition for writ of certiorari in the United States Supreme Court on February

8    20, 2007.  The Court responded by vacating the opinion of the Court of Appeal and remanding the

9    matter for reconsideration in light of *Cunningham*.  *See Johnson v. California*, 549 U.S. 1336 (2007).

10   On remand, the California Court of Appeal re-affirmed[4] petitioner's conviction on September 27, 2007.

11   On October 30, 2007, petitioner filed a petition for review in the California Supreme Court, which was

12   summarily denied on December 12, 2007.  The United States Supreme Court denied petitioner's petition

13   for writ of certiorari on March 3, 2008.  *See* 128 S.Ct. 1486.

14          On November 12, 2008, petitioner filed a timely petition for writ of habeas corpus in this Court,

15   contending that the high end and consecutive sentences imposed after his state criminal trial were in

16   violation of *Cunningham*, *Apprendi*, and *Blakely*.  On January 26, 2009, this Court issued an Order to

17   Show Cause.  Respondents filed their answer on April 24, 2009 and petitioner filed his traverse on May

18   7, 2009.

19

20                                        **LEGAL STANDARD**

21          The petition in this case was filed after the effective date of the Antiterrorism and Effective

22   Death Penalty Act of 1996 (AEDPA), so the provisions of that act apply to it.  *See Lindh v. Murphy*, 521

23   U.S. 320, 327 (1997).  Under AEDPA, a district court may not grant a petition challenging a state

24   conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the

25   state court's adjudication of the claim: (1) resulted in a decision that was contrary to, or involved an

26   unreasonable application of, clearly established federal law, as determined by the Supreme Court of the

27   ─────────────────────

28          [4] The unpublished opinion can be found at 2007 WL 2812990 (Cal. Ct. App. 1st Dist.).

                                                 3

United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d). The first prong applies both to questions of law and to mixed questions of law and fact, *Williams v. Taylor*, 529 U.S. 362, 407-09 (2001), while the second prong applies to decisions based on factual determinations, *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

A state court decision is "contrary to" Supreme Court authority only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 413. A state court decision is an "unreasonable application of" Supreme Court authority if it correctly identifies the governing legal principle from the Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. On habeas review, a federal court may not issue a writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Rather, the application must be "objectively unreasonable" to grant the writ. *Id.* at 409.

## DISCUSSION

**1.      Petitioner's Sixth Amendment Challenge to His Upper Term Sentence**

Petitioner contends that the trial court violated his Sixth Amendment right to a jury trial by sentencing him to a high-end sentence of three years[5] for his conviction for possession of a firearm by a felon. Specifically, petitioner claims that the trial court committed constitutional error by finding that

---

[5] Under California's Determinate Sentencing Law ("DSL"), a defendant can be sentenced to a lower, middle, or upper term. Defendant in this case faced a low term of 16 months, a middle term of two years, or a high term of three years for the felon in possession of a firearm conviction. "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. The "'statutory maximum'" is the maximum sentence a judge may impose *solely* on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Blakely*, 542 U.S. at 303 (emphasis original). The statutory maximum under the DSL is the middle term. *Cunningham*, 549 U.S. at 293.

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

plaintiff had suffered numerous prior convictions of increasing severity.[6]  According to petitioner, the United States Supreme Court has held that defendants have a right for these facts to be found by a jury, not a trial judge.  The California Court of Appeal rejected petitioner's argument.  Applying the California Supreme Court's ruling in *Black II*, it held that the trial court was permitted to sentence petitioner to a high-end sentence based on the judge's determination that this aggravating factor was present.  In order to grant petitioner's habeas petition, this Court would have to find that *Black II*, on which the appellate court relied, was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent.

In *Black II*, the California Supreme Court held that the trial judge's imposition of an upper-term sentence was valid because the judge found at least one aggravating circumstance in a fashion that satisfied the Sixth Amendment.  *Black II*, 41 Cal. 4th at 805-06.  Noting that the defendant's criminal history included three misdemeanor convictions for second degree burglary and receiving stolen property, followed by felony convictions for grand theft and burglary four years later, the trial judge determined that the defendant's convictions were "numerous and of increasing seriousness."[7]  *Id.* at 818.  On appeal, the defendant argued that he was entitled to a jury trial on whether his convictions were numerous and of increasing severity.  *Id.* at 819.  Relying on the Supreme Court's decision in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), *Black II* disagreed with the defendant.  *Almendarez-Torres* noted that recidivism "is a traditional, if not the most traditional, basis for a sentencing court's increasing an offender's sentence" and held that the fact of a prior conviction need not be pleaded in an indictment or proved to a jury beyond a reasonable doubt.  523 U.S. at 243-47.  *Apprendi* upheld *Almendarez-Torres* as a "narrow exception" to the general rule that any fact that

---

[6]  The trial court also found that another basis for imposing an aggravated sentence was that defendant "ha[d] been unsuccessful on parole and/or probation[.]"  RT, 471: 17-19.  The Court need not decide whether judicial factfinding about defendant's performance on parole and probation violated the Sixth Amendment because under California law, "only one aggravating factor is necessary to authorize an upper term sentence."  *Butler v. Curry*, 528 F.3d 624, 641 (9th Cir. 2008).  Thus, there was no constitutional error in this case so long as the trial court's findings about the defendant's criminal history were permitted by the Sixth Amendment.

[7]  Under California Rules of Court, Rule 4.421(b)(2), the fact that a defendant has suffered prior adult convictions that are "numerous or of increasing seriousness" is an aggravating factor at sentencing.

United States District Court
For the Northern District of California

increases the penalty for a crime beyond the prescribed statutory maximum must be found by a jury or admitted by the defendant.  530 U.S. at 490.  *Black II* interpreted the *Almendarez-Torres* exception broadly, reasoning that "recidivism" includes "not only the fact that a prior conviction occurred, but also other related issues that may be determined by examining the records of the prior convictions."  41 Cal. 4th at 819.  According to *Black II*, a defendant is therefore not entitled to a jury determination on whether his convictions are numerous or of increasing seriousness.  *Id.*

Petitioner argues that *Black II* is contrary to clearly established Supreme Court precedent. Petitioner relies preliminary on the Ninth Circuit's recent decision in *Butler v. Curry*, 528 F.3d 624 (9th Cir. 2008), as well as on two cases cited by *Butler*: *Stokes v. Schriro*, 465 F.3d 397 (9th Cir. 2006); and *United States v. Kortgaard*, 425 F.3d 602 (9th Cir. 2005).  In *Butler*, the trial court had found that two aggravating factors warranted imposition of the upper-term sentence: that the victim was particularly vulnerable and that the defendant was on probation at the time of the offense.  *Butler*, 528 F.3d at 632. *Butler* held that the *Almendarez-Torres* exception for prior convictions does not permit sentencing courts to make "qualitative evaluations of the nature or seriousness of past crimes, because such determinations cannot be made solely by looking to the documents of conviction."  *Id.* at 644.  The trial court's finding that the defendant was on probation at the time of the offense violated the defendant's right to a jury trial as this fact was "not reflected in the documents of a prior conviction nor, for that matter, may it be conclusively inferred from those documents."  *Id.* at 646.

*Butler* relied on *Kortgaard*, which held that a determination of the "seriousness" of the defendant's past criminal conduct, for purposes of an upward departure in federal sentencing, is a "fundamentally factual" inquiry that does not "follow necessarily from the fact of any prior conviction or sentence but instead call[s] for the judgment of a factfinder."  425 F.3d at 607-09.  *Butler* also cited *Stokes* for its holding that a judge's determination that a prior offense is "strikingly similar" to the conviction offense does not come within the prior conviction exception.  465 F.3d at 404.

*Butler*, *Kortgaard*, and *Stokes* do not demonstrate that *Black II* was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent.  For the purposes of AEDPA, habeas review is based only on Supreme Court holdings.  *See Moses v. Payne*, 555 F.3d 742, 762 (9th Cir. 2009) (citing 28 U.S.C. § 2254(d); *Crater v. Galaza*, 491 F.3d 1119, 1126 & n.8 (9th Cir. 2007)).

United States District Court
For the Northern District of California

Federal law is not clearly established by the Supreme Court of the United States, even where a federal court of appeals has reached a clear standard on the issue, if the issue remains an "open question in the Supreme Court's jurisprudence." *See id.* at 762 (citation omitted).

*Black II* held that the prior conviction exception is broad enough to allow a judge to determine whether a defendant's prior convictions are numerous or of increasing seriousness. *See* 41 Cal. 4th at 819-20 (citation omitted) ("The relative seriousness of these alleged convictions may be determined simply by reference to the range of punishment provided by statute for each offense. This type of determination is quite different from the resolution of the issues submitted to a jury, and is one more typically and appropriately undertaken by a court."). While *Kortgaard* suggests that the number and seriousness of prior convictions is a question that must be reserved for the jury,[8] other circuits and state courts have interpreted the prior conviction exception more broadly to include facts related to recidivism. *See, e.g.*, *United States v. Smith*, 474 F.3d 888, 892 (6th Cir. 2007) (determination that criminal history was "extensive and egregious" within *Almendarez-Torres* exception); *United States v. Santiago*, 268 F.3d 151, 157 (2d Cir. 2001) (existence of three prior felony convictions for offenses committed on "separate occasions" within *Almendarez-Torres* exception); *State v. Jones*, 149 P.3d 636, 640 (Wash. 2006) (prior conviction exception encompasses a determination of the defendant's probation status).

Indeed, the Ninth Circuit recognized in *Butler* that its precedents on the scope of the prior conviction differ from those of other circuits. *See Butler*, 528 F.3d at 648 n.15 ("Some of our sister circuits have . . . taken a broader view of the *Almendarez-Torres* exception, permitting judicial factfinding as to facts that we have held do not come within the *Almendarez-Torres* exception."). After *Butler*, the Ninth Circuit held in *Kessee v. Mendoza-Powers* that because of this difference of opinion about what degree of judicial factfinding is authorized by *Almendarez-Torres*, "*Butler* does not represent clearly established federal law 'as determined by the Supreme Court of the United States.'" __F.3d__,

---

[8]  The Court notes that *Kortgaard* was limited to federal sentencing and did not resolve the question of whether judicial factfinding about prior convictions can ever fall within the prior conviction exception. *See* 425 F.3d at 610 ("Even if the prior conviction exception legitimately includes facts that follow necessarily or as a matter of law from the fact of a prior conviction, we have already concluded that the findings required to support an upward departure under § 4A1.3 are not of that nature because they require the judgment of a factfinder.").

1    2009 WL 2170081, at *3 (9th Cir. 2009) (quoting 28 U.S.C. § 2254(d)(1)).  *Kessee* therefore concluded

2    that although under *Butler* "a defendant's probationary status does not fall within the 'prior conviction'

3    exception, a state court's interpretation to the contrary does not contravene AEDPA standards."  *Id.*

4    Accordingly, even if *Black II* conflicts with the Ninth Circuit precedent articulated in *Butler*, *Kortgaard*

5    and *Stokes*, this Court cannot conclude that *Black II* was contrary to federal law for AEDPA purposes.

6         In sum, because the Supreme Court has not spoken on whether the prior conviction exception

7    allows a sentencing judge to determine that prior convictions are numerous or increasingly serious and

8    the federal circuits have reached conflicting conclusions on the scope of the exception, this Court

9    concludes that the California Court of Appeal's decision that the judicial factfinding in this case is

10   constitutional was not "contrary to, or [] an unreasonable application of, clearly established Federal law,

11   as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1).

12

13   **2.    Harmless Error**

14        Even if the California Court of Appeal did make a constitutional error, any such error was

15   harmless.  In order for a constitutional error to be judged harmless, the court must believe beyond a

16   reasonable doubt that it was harmless.  *See Chapman v. California*, 386 U.S. 18, 24 (1967).  "[W]here

17   a reviewing court concludes beyond a reasonable doubt that the omitted element was uncontested and

18   supported by overwhelming evidence, such that the jury verdict would have been the same absent the

19   error, the erroneous instruction is properly found to be harmless."  *Neder v. United States*, 527 U.S. 1,

20   17 (1999).  Failure to submit a sentencing factor to the jury is the same type of error as failure to submit

21   an element and is thus also subject to harmless error analysis.  *See Washington v. Recuenco*, 548 U.S.

22   212, 220-22 (2006).

23        On habeas review, a constitutional error is judged harmless if it does not have a "substantial and

24   injurious effect or influence in determining the jury's verdict."  *Brecht v. Abrahamson*, 507 U.S. 619,

25   623 (1993) (internal quotation marks and citation omitted).  A court must use this standard in judging

26   the prejudicial impact of a state court's constitutional error in a criminal trial.  *See Fry v. Pliler*, 551

27   U.S. 112, 121 (2007).  "Review for harmless error under *Brecht* is more forgiving to state court errors

28   than the harmless error standard the Supreme Court applies on its direct review of state court

United States District Court
For the Northern District of California

8

convictions." *Larson v. Palmateer*, 515 F.3d 1057, 1064 (9th. Cir. 2008) (citation omitted).

An alleged *Apprendi* error is harmless if the Court is not in "grave doubt" that the jury would have found a least one aggravating factor true beyond a reasonable doubt. *Butler*, 528 F.3d at 648 (quoting *O'Neal v. McAninch*, 513 U.S. 432, 436 (1995)). Grave doubt exists when, "'in the judge's mind, the matter is so evenly balanced that he feels himself in virtual equipoise as to the harmlessness of the error.'" *Id.* (quoting *O'Neal*, 513 U.S. at 435).

Here, the Court is not in grave doubt as to whether a jury would have found true beyond a reasonable doubt that petitioner's criminal history includes convictions that are numerous and increasingly serious. Indeed, it is difficult to see how a jury could reach a different conclusion. Petitioner's prior convictions included a 1990 conviction for possession of drug paraphernalia; a 1992 conviction for unlawful display or carrying of a weapon; 1995 convictions for assault, criminal trespass, and obstructing a law enforcement officer; and a conviction for robbery in 1997. RT, 468: 2-12. These convictions are "numerous" by any definition of the word. They are also increasingly serious, as they begin with a misdemeanor and end with a violent felony.

Petitioner notes that his criminal history, as listed in the pre-sentence report, does not indicate whether his 1992 and 1995 convictions were misdemeanors or felonies.[9] This omission is irrelevant as any rational juror would conclude that the 1997 robbery conviction was more serious than the 1990 conviction for possession of drug paraphernalia.

Petitioner also points to the gap between the 1997 conviction and the instant offense, which occurred in 2004. Rule 4.421(b)(2) asks only whether adult convictions are numerous and of increasing seriousness, not whether the convictions were also recent. The temporal gap in petitioner's criminal history is therefore not relevant to whether a jury would find this aggravating factor beyond a reasonable doubt.

Accordingly, the Court concludes that even if petitioner were entitled to a jury finding on these aspects of his criminal history, any error was harmless as the Court is not in grave doubt as to whether a jury would have concluded that petitioner's prior adult convictions were numerous and of increasing

---

[9] The pre-sentence report does not appear to be included in the record before this Court. The Court relies on petitioner's characterization of that report, which respondent does not dispute.

United States District Court
For the Northern District of California

1  severity.

2

3  **3.       Petitioner's Sixth Amendment Challenge to His Consecutive Sentences**

4          The parties agree that the United States' Supreme Court's recent decision in *Oregon v. Ice*, 129

5  S.Ct. 711 (2009), issued after the instant petition was filed, disposes of petitioner's claim that the trial

6  court imposed consecutive sentences in violation of the Sixth Amendment.  In *Ice*, the Court held that

7  the Sixth Amendment does not prevent state courts from imposing consecutive sentences, or from

8  finding certain facts before doing so.  *Ice*, 129 S.Ct. at 714-15.  Petitioner concedes that the sentencing

9  judge in this case did not commit constitutional error when he imposed consecutive sentences for

10  petitioner's convictions for unlawful taking of a vehicle and felon in possession of ammunition.

11

12                                    **CONCLUSION**

13          For the foregoing reasons, the Court hereby DENIES the petition for writ of habeas corpus.

14          **IT IS SO ORDERED.**

15

16

17  Dated: October 27,  2009

18                                    SUSAN ILLSTON
                                      United States District Judge

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California