IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH E. JOHNSON, JR., | No. C 08-05148 SI |
| Petitioner, | **ORDER GRANTING APPLICATION FOR A CERTIFICATE OF APPEALABILITY** |
| v. | |
| ROBERT L. AYERS, et al., | |
| Respondents. | |

Petitioner Joseph Johnson has filed an application for a certificate of appealability. For the reasons set forth below, the Court GRANTS the application.

**DISCUSSION**

Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 on November 12, 2008, challenging the upper-term sentence imposed after his state court convictions for auto theft, possession of a firearm by a felon, possession of ammunition by a felon, possession of drug paraphernalia, and receipt of stolen property. This Court denied the petition on October 27, 2009, and petitioner subsequently filed the present request for a certificate of appealability ("COA").

Before a habeas petitioner may appeal the denial of a petition for writ of habeas corpus, he must obtain a COA from the court. 28 U.S.C. § 2253(c)(1). "As a result, until a COA has been issued federal courts of appeals lack jurisdiction to rule on the merits of appeals from habeas petitioners." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To obtain a COA, the petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this standard, the petitioner "must demonstrate that the issues are debatable among jurists of reason; that a court could

resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further." *Doe v. Woodford*, 508 F.3d 563 (9th Cir. 2007) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)) (alteration omitted). The petitioner need not, however, show that his appeal is likely to succeed. *Miller-El*, 537 U.S. at 337.

Petitioner's habeas petition raised serious questions regarding the imposition of an upper-term sentence in his case. In particular, as the Court observed in its ordering denying the habeas petition, the Supreme Court has not yet ruled on the question of whether the prior conviction exception embodied in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998) permits a sentencing judge to determine the "number and increasing severity" of a defendant's prior convictions for sentencing purposes. This question has resulted in disagreement among the circuits that have considered it. *Compare, e.g.*, *Butler v. Curry*, 528 F.3d 634, 644 (9th Cir. 2008) (sentencing judge may not make "qualitative evaluations of the nature or seriousness of past crimes, because such determinations cannot be made solely by looking to the documents of conviction") *with United States v. Smith*, 474 F.3d 888, 892 (6th Cir. 2007) (district court's determination that criminal history was "extensive and egregious" did not violate defendant's Sixth Amendment rights). There is also some tension among cases within the Ninth Circuit. *Compare Butler, supra,* and *Kessee v. Mendoza-Powers*, 574 F.3d 674 (9th Cir. 2009).

Under these circumstances, the Court concludes that reasonable jurists could disagree as to the proper outcome of petitioner's case, and therefore GRANTS the application for a COA.

## CONCLUSION

For the foregoing reasons and for good cause shown, petitioner's application for a certificate of appealability is hereby GRANTED. (Docket No. 11).

**IT IS SO ORDERED.**

Dated: April 8, 2010

SUSAN ILLSTON
United States District Judge